06-1752-cr
USA v. Frankel

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

August Term 2009

Remanded by Supreme Court: October 5, 2009  Decided:December 21, 2009)

Docket No. 06-1752-cr

- - - - - - - - - - - - - - - - - -
UNITED STATES OF AMERICA,
          Appellee,

          v.

MARTIN FRANKEL,
          Defendant-Appellant.
- - - - - - - - - - - - - - - - - -

Before:  NEWMAN, WINTER, CABRANES, Circuit Judges.

On remand from the Supreme Court for further consideration in light of the position asserted by the Solicitor General in her brief for the United States filed August 4, 2009. See Frankel v. United States, 130 S. Ct. 72 (2009) (mem.)

Order of February 6, 2008, dismissing appeal vacated, appeal reinstated, and counsel for appellant reappointed; order of November 9, 2009, confirmed.

                    Martin Frankel, pro se, Big Spring, Texas.

                    John H. Durham, Asst. U.S. Atty., New
                       Haven, Conn., for Appellee.

PER CURIAM:

This criminal appeal is before us on remand from the Supreme Court. See Frankel v. United States, 130 S. Ct. 72 (2009) (mem.). We previously issued an order in light of the remand, see United States v. Frankel, No. 06-1752 (Nov. 4, 2009), and now confirm that order and slightly amplify our reasons in this opinion. We ruled that because our prior order relieving appointed counsel as a sanction for the appellant's misconduct was not preceded by notice to the appellant and an opportunity to respond, the ensuing order dismissing his appeal for failure to file a timely pro se brief had to be vacated, and, in the circumstances of this case, we reinstated the appeal and reappointed prior counsel.

## Background

The appellant, Martin Frankel, was convicted in December 2004 in the District Court for the District of Connecticut (Ellen Bree Burns, District Judge) on his plea of guilty to wire fraud offenses and sentenced to 200 months' imprisonment. The sentence was confirmed in March 2006 after a remand pursuant to United States v. Crosby, 397 F.3d 103 (2d Cir. 2005). After two attorneys had been appointed pursuant to the Criminal Justice Act ("CJA") and been relieved at Frankel's request, a third CJA attorney, Marsha R. Taubenhaus, was

appointed. Thereafter it came to this Court's attention that Frankel had filed scandalous allegations against one of his prior CJA attorneys. For that reason, this Court concluded that Frankel had forfeited his right to a third CJA attorney. Accordingly, on February 6, 2008, we entered an order vacating the appointment of Atty. Taubenhaus and giving Frankel 30 days to file a pro se brief. Instead of filing a timely pro se brief, Frankel filed various motions. On March 27, 2008, we dismissed the appeal for failure to file a timely pro se brief and denied the pending motions as moot.

Frankel petitioned the Supreme Court for a writ of certiorari. On October 14, 2009, the Supreme Court granted the petition, vacated our dismissal order, and remanded the cause "for further consideration in light of the position asserted by the Solicitor General in her brief for the United States filed August 4, 2009." Frankel v. United States, 130 S. Ct. 72 (2009). That brief pointed out the well-settled rule that an indigent defendant has a right to have counsel appointed on appeal, see Frankel v. United States, No. 08-10150, U.S. Sup. Ct., Br. for the United States, 2009 WL 3236337, Aug. 4, 2009, at *13 (citing Halbert v. Michigan, 545 U.S. 605, 610 (2005); Douglas v. California, 372 U.S. 353 (1963)), and argued that this right could be waived only by knowing and intentional conduct, see id. (citing

-3-

<u>Halbert</u>, 545 U.S. at 624), and that Frankel had not waived his right,[1]

see <u>id.</u> at *14. The Solicitor General did not explicitly consider

whether the right to a third appointed counsel could be <u>forfeited</u> by

an appellant's misconduct directed against a prior appointed counsel.

However, she added:

> Appellate courts must have latitude to address problems that
> arise when obstreperous defendants create insuperable
> obstacles to representation by appointed counsel.
> Accordingly, it should be open to the court of appeals to
> reinstate its orders after giving [Frankel] notice and an
> opportunity to be heard, provided that an adequate legal and
> factual foundation supports that action.

<u>Id.</u> at *19.

On November 4, 2009, we entered the order that is the precursor

of this opinion. We stated that we had reconsidered the case as

directed, vacated our dismissal order, reappointed Atty. Taubenhaus,

and directed her to obtain any needed transcripts and file her brief

60 days after obtaining such transcripts. We also cautioned Frankel

that, if he subsequently prefers not to have Atty. Taubenhaus, his

---

[1]The Solicitor General's brief noted that our February 6, 2008, order relieving Frankel's third CJA counsel appeared to rest on Frankel's conduct in causing the removal of his two previous CJA attorneys and making scandalous allegations against one of them, and then stated, "Neither of those reasons amounts to a knowing and intelligent waiver of counsel or otherwise seems sufficient to deprive petitioner of counsel." Br. for the United States, 2009 WL 3236337, at *14.

-4-

third CJA attorney, represent him, he will be required to proceed pro se and that the submission of scandalous material will risk the imposition of sanctions, which may include dismissal of the appeal. We also advised Frankel that as long as Atty. Taubenhaus represented him, this Court would not accept for filing any pro se papers.

Discussion

Although we need not make any definitive ruling on the point, we have substantial doubts about the Solicitor General's view that an indigent's right to appointed counsel may be lost only by a knowing and intentional waiver; an indigent's filing of scandalous allegations against a previous CJA counsel may well be deemed a forfeiture of the right to a new CJA counsel, especially after an indigent appellant has precipitated the removal of two previous CJA attorneys.  Indeed, the Solicitor General recognized that appellate courts must have the means to deal with obstreperous indigent appellants, provided notice and an opportunity to respond is furnished.  In this case, however, our February 6, 2008, order vacating the appointment of Atty. Taubenhaus because of Frankel's misconduct constituted a sanction, and should have been preceded by notice to Frankel and an opportunity to respond. See In re 60 East 80th St. Equities, Inc., 218 F.3d 109, 117 (2d Cir. 2000) ("[D]ue process requires that courts provide notice and

opportunity to be heard before imposing <u>any</u> kind of sanctions.")

(emphasis in original) (internal quotation marks omitted); <u>Sakon v.</u>

<u>Andreo</u>, 119 F.3d 109, 114 (2d Cir. 1997) (same).  Our subsequent order

of March 27, 2008, dismissing the appeal for failure to file a timely

<u>pro se</u> brief, was undermined by the improper order vacating the

appointment of counsel, which lacked prior notice.  For that reason,

we vacated the dismissal order and issued the November 4, 2009, order

described above.

We now confirm all provisions of the November 4, 2009, order.